# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| DAVID LAWRENCE HARPER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 12-0990-SSA-CV-W-MJW |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff David Lawrence Harper seeks judicial review,[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. The parties' briefs are fully submitted, and an oral argument was held on May 13, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff appeals the decision of the Administrative Law Judge (ALJ) which determined he was not disabled, as defined by the Social Security Act, from February 25, 2009, through the date of the ALJ's decision on November 23, 2010.

Plaintiff's appeal alleges the ALJ's opinion was error in that the ALJ failed to properly consider all of the medical evidence, specifically the opinion of three of plaintiff's doctors. Plaintiff further argues err in the ALJ's failure to properly consider third party observations and information. Plaintiff argues the ALJ's decision is not supported by substantial evidence in the record. The Commissioner argues the ALJ gave extensive discussion to the medical evidence of record and that the opinion is supported by substantial evidence in the record.

Upon review, this Court finds the ALJ erred in not fully developing the record as to the medical evidence. Specifically, the ALJ erred in failing to provide discussion and weight given to the opinions of two doctors who provided medical opinions, Drs. Vale and Alvarez. This error merits a remand. It appears the ALJ's opinion may have overlooked these two medical opinions due to concerns of a drug problem by the plaintiff. Upon remand, it may be appropriate for the ALJ to discuss the extent the evidence supports plaintiff's impairments are due to a drug problem versus pain.

**Conclusion**

This case is remanded for further development of the record.  See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis).  Further evidence, in the form of consideration of all the medical opinions in the record, including Drs. Vale and Alvarez, and discussion of the weight given to each opinion, is required.  In considering the opinion of Dr. Alvarez, the ALJ should follow up with the doctor regarding the opinion in order to determine the evidence supporting the doctor's opined limitations for the plaintiff.  The ALJ should also consider the medical opinion of Dr. Delaney, who submitted a medical opinion subsequent to the ALJ's original decision, to the extent that this opinion is relevant to the determination of disability during the relevant dates as set forth herein.  Finally, the ALJ should obtain a consultative examination in order to fully determine both plaintiff's physical and mental limitations.  These examinations should address to what extent plaintiff's impairments would affect his ability to function in the workplace.

Based on the foregoing, it is,

ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further consideration and development of the record.

Dated this 24th day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge